Patricio T.D. Barrera (SBN 149696)
Ashley A. Davenport (SBN 244573)
BARRERA & ASSOCIATES
1500 Rosecrans Avenue, Suite 500
Manhattan Beach, California  90266
(310) 802-1500 – Office
(310) 802-0500 – Fax
barrera@baattorneys.com

Attorneys for Plaintiff
KELLI GILMOUR

Thomas G. Mackey (SBN 174572)
Jamie C. Chanin (SBN 244659)
JACKSON LEWIS LLP
725 South Figueroa Street, Suite 2500
Los Angeles, California  90017-5408
(213) 689-0404 – Office
(213) 689-0430 – Fax
MackeyT@jacksonlewis.com
ChaninJ@jacksonlewis.com

Attorneys for Defendant
INTERNATIONAL BUSINESS MACHINES
CORPORATION

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELLI GILMOUR, an individual,<br><br>            Plaintiff,<br><br>      vs.<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION, a New York Corporation; and DOES 1 through 10,<br><br>            Defendants. | CASE NO.: CV 09-4155 SJO (AGRx)<br><br>Hon. Alicia G. Rosenberg<br><br>**PROTECTIVE ORDER RE: CONFIDENTIALITY OF DOCUMENTS AND INFORMATION**<br><br>**[DISCOVERY MATTER]**<br><br>Complaint Filed:  May 8, 2009 |

1
2
3
4
5
6
7
8
UNITED STATES DISTRICT COURT

9
CENTRAL DISTRICT OF CALIFORNIA

10

11
KELLI GILMOUR, an individual,

12
        Plaintiff,

13

14
   vs.

15
INTERNATIONAL BUSINESS

16
MACHINES CORPORATION, a New
York Corporation; and DOES 1 through 10,

17

18
        Defendants.

19

20
/ / /

21
/ / /

22
/ / /

23
/ / /

24
/ / /

25
/ / /

26
/ / /

27
/ / /

28
/ / /

CASE NO.: CV 09-4155 SJO (AGRx)

Hon. Alicia G. Rosenberg

**[PROPOSED] PROTECTIVE ORDER
RE: CONFIDENTIALITY OF
DOCUMENTS AND INFORMATION**

**[DISCOVERY MATTER]**

Complaint Filed: May 8, 2009

Based upon the Stipulation and [Proposed] Protective Order Re:  Confidentiality of Documents and Information submitted by parties, and for good cause shown:

1. This stipulated confidentiality agreement and protective order ("Protective Order") shall govern the production, use and handling of confidential documents and information produced by any Party in any form in the above-captioned litigation (collectively "Material").  Any Party or non-party may designate as "Confidential" any documents, information or other things that contain proprietary business information not previously made available to the public, which any Party or non-party contends should be protected from disclosure pursuant to this Protective Order.

2. Any Party or non-party producing or filing a document or thing in this proceeding may designate it at the time of its production as subject to this Protective Order by designating the Material as Confidential by typing or stamping on each page so designated (without obscuring or defacing the Material) "Confidential," "Confidential Subject to Protective Order" or words of similar import ("Basic Confidential Material"). If a Party reasonably believes that the particular material to be produced or disclosed is of such a highly sensitive nature that its disclosure should be limited only to those persons identified in Paragraph 7, below, that Party shall stamp on or otherwise permanently affix to such Material (without obscuring or defacing the Material) the designation "Confidential – Counsel's Possession Only -- Subject to Protective Order" or words of similar import ("Counsel's Possession Only Confidential Material").  Basic Confidential Material and Counsel's Possession Only Confidential Material shall hereinafter collectively be referred to as "Confidential Material."  The Parties agree to exercise good faith in evaluating whether materials should receive any Confidential Material designation pursuant to this Protective Order.

a. Should any Party, counsel for any Party, or any person or entity not a party to this action who obtains access to any Confidential Material make copies or duplicates of any Confidential Material, or any portion thereof, and if the Confidential Material designation is not clearly reproduced on the copies or duplicates as a result of

the copying process, then the appropriate designation, Basic Confidential Material or Counsel's Possession Only Confidential Material, as the case may be, shall in that event also be stamped or affixed to such copies or duplicates, and the references in this Protective Order to Confidential Material shall be deemed to include and to apply to such copies or duplicates.

         b.    Should any Party, counsel for any Party, or any person or entity not a party to this action who obtains access to Confidential Material make extracts or summaries of such Confidential Material, such extracts or summaries shall also be stamped with the appropriate designation. Such extracts or summaries shall also constitute Confidential Material even if the extracts or summaries are not marked with a Confidential designation, and the references in this Protective Order to Confidential Material shall apply to such extracts or summaries.  This provision shall not include the notes of counsel.

         c.    This Protective Order shall apply to all Confidential Material so designated whether produced informally or in response to formal discovery requests, subpoenas or at deposition.

        3.    All Confidential Material subject to this Protective Order shall be used by the persons to whom it is disclosed solely for the prosecution and/or defense of the above-captioned action (the "Litigation"); it shall not be used by such persons for any other purpose not directly related to the Litigation, and at no time shall any Confidential Material be provided to any representative of the electronic, digital or print media, excluding those persons designated as experts and consultants pursuant to Paragraphs 6(c) and 7(b).  The Confidential Material shall not be used by any persons to whom disclosures are made, other than by the Party that produced it, for business or competitive purposes or in any other litigation.

        4.    If, at any time, one of the Parties disagrees with or challenges the grounds or basis for the designation of any document or information as Basic Confidential Material or Counsel's Possession Only Confidential Material, that Party shall nevertheless treat

and protect such Material in accordance with this Protective Order until and unless all Parties have agreed in writing, or an order of the Court has been entered and become enforceable, which provides that such challenged Confidential Material may be used or disclosed in a manner different from that specified in this Protective Order.  In the event of such a disagreement, the Party challenging the designation will have the burden of pursuing any relief desired.

5.    Nothing in this Protective Order shall preclude any Party from asserting all potential objections to and otherwise resisting discovery requests, including objections based upon the private, confidential, proprietary, commercially sensitive and/or a trade secret nature of information sought.  Nothing in this Protective Order shall preclude any Party from seeking and obtaining, upon a showing of good cause, additional protection with respect to the confidentiality of documents or other information, including, but not limited to, additional restrictions on disclosure to the Parties herein.

6.    Basic Confidential Material and its contents may only be disclosed to the following persons and subject to the following conditions:

a.    Counsel of record for the Parties to the Litigation, now or in the future, their respective associates, partners, law clerks, paralegals, legal assistants, secretaries, and other support staff who are actively engaged in assisting such attorneys in the prosecution or defense of the Litigation; provided, however, that the employees of such counsel to whom such access is permitted shall, prior to such access or disclosure, be advised of the provisions of this Protective Order and shall be instructed to comply with it;

b.    The Parties, officers and current employees of the Parties whose knowledge of such information is necessary to enable the Parties to prepare for trial, to try this proceeding, or to engage in appellate proceedings herein;

c.    Independent experts and consultants retained in the Litigation by a Party or the attorneys for a Party, provided, however, that the experts or consultants to

whom such access is permitted shall, prior to such access or disclosure, be advised of the provisions of this Protective Order and shall be instructed to comply with it;

d.      Deposition reporters and their support personnel for purposes of preparing deposition transcripts;

e.      Any witness in a deposition in the Litigation, where Basic Confidential Material is relevant to the subject matter about which the deponent would be likely to have knowledge, provided, however, that any such witness, shall, prior to such access or disclosure, be advised of the provisions of this Protective Order and shall be instructed to comply with it;

f.      The author(s), sender(s), addressee(s) and copy recipient(s) of the Basic Confidential Material;

g.      The person(s) mentioned in any document or tangible material designated as Basic Confidential Material, provided, however, that only that portion of the Basic Confidential Material that directly pertains to such person(s) shall be disclosed to them;

h.      The judge, clerk, other personnel in the Court, and other court personnel;

i.      Any discovery referee or settlement conference officer assigned to the Litigation;

7.      Counsel's Possession Only Confidential Material, or copies thereof, may be reviewed by the Party to the Litigation to whom it is produced, but may not be held in the possession of the Party to whom it is produced.  Counsel's Possession Only Confidential Material may only be held in the possession of the following persons and is subject to the following conditions:

a.      Counsel of record for the Parties to the  Litigation, now or in the future, their respective associates, partners, law clerks, paralegals, legal assistants, secretaries, and other support staff who are actively engaged in assisting such attorneys in the prosecution or defense of the Litigation; provided, however, that the employees of

such counsel to whom such access is permitted shall, prior to such access or disclosure, be advised of the provisions of this Protective Order and shall be instructed to comply with it;

   b.   Independent experts and consultants employed, consulted or retained in the Litigation by a Party or the attorneys for a Party to perform investigative work, research, analysis, expert testimony and other services specifically related to the prosecution, defense or settlement of the Litigation; provided, however, that the experts or consultants to whom such access is permitted shall, prior to such access or disclosure, be advised of the provisions of this Protective Order and shall be instructed to comply with it;

   c.   Deposition reporters and their support personnel for purposes of preparing deposition transcripts;

   d.   Any witness in a deposition in the Litigation, where Counsel's Possession Only Confidential Material is relevant to the subject matter about which the deponent would be likely to have knowledge; provided, however, that any such witness, shall, prior to such access or disclosure, be advised of the provisions of this Protective Order and shall be instructed to comply with it;

   e.   The author(s), sender(s), addressee(s) and copy recipient(s) of the Counsel's Possession Only Confidential Material;

   f.   The judge, clerk, other personnel in the department the Litigation is assigned, and other court personnel;

   g.   Any discovery referee or settlement conference officer assigned to the Litigation;

   8.   For applications and motions to the Court for which a Party submits Confidential Information, all Confidential Information which is submitted to the Court shall be filed with the Court in sealed envelopes or other appropriate sealed containers, which envelopes or containers shall indicate: the title of the action to which it pertains; an indication of the nature of the contents of the sealed envelope or other container; the

CASE NO.: CV 09-4155 SJO (AGRx)        7        [PROPOSED] PROTECTIVE ORDER RE: CONFIDENTIALITY OF DOCUMENTS AND INFORMATION

phrase "CONFIDENTIAL INFORMATION - DISCLOSURE RESTRICTED BY PROTECTIVE ORDER," or words to that effect; and a statement substantially in the following form:

> **This envelope is conditionally sealed pursuant to an Order of the Court, contains Confidential Information, and is not to be opened or the contents revealed unless the Court denies the Application to File Documents Under Seal submitted concurrently herewith.**

The document shall indicate clearly which portions are designated to be Confidential Information.  A copy of this stipulated Protective Order shall be submitted with the Application to File Documents Under Seal and with the conditionally sealed envelope or sealed container in which the Confidential Information is contained.

If any Party at trial or at a hearing desires to offer into evidence Confidential Information or otherwise use Confidential Information so as to reveal its nature, the Parties shall meet and confer in advance to arrive at an agreeable procedure.  If a Party believes Confidential Information should not become public after use in trial, that Party must file a written motion, show sufficient cause and obtain a separate court order regarding the treatment of such Confidential Information during and after trial. Otherwise, any Confidential Information used at trial will become public information.

9.   If any Basic Confidential Material or Counsel's Possession Only Confidential Material or its contents is presented at, or is the subject of inquiry during a deposition, counsel for the Party whose Confidential Material is to be disclosed or inquired into shall notify the deposition reporter to separately transcribe the portion of the deposition testimony during which Confidential Material is discussed.  That portion of the deposition that may reveal Confidential Material or its contents shall be conducted (unless otherwise agreed to by counsel for all Parties in writing or upon the record of the deposition) under circumstances such that only the deposition reporter and persons duly authorized under Paragraphs 6 and 7 herein to have access to such Confidential Material,

as the case may be, shall be present. The transcript of such portion of the deposition itself shall be deemed, as appropriate, Basic Confidential Material or Counsel's Possession Only Confidential Material, and such portion of the deposition transcript shall be separately transcribed and stamped with the appropriate legal legend as specified in Paragraph 2, above. This Protective Order does not preclude presenting the original of the transcript in its entirety to the deponent for review, correction and signing, nor does it preclude delivery by the reporter of copies of deposition transcripts containing or annexing Confidential Material, in their entirety and marked with the legend or legends provided above, to outside counsel for the Parties to this Protective Order, which transcripts shall then be maintained by such outside counsel in accordance with the provisions of this Protective Order.

10.    Before disclosing Confidential Material to any persons (other than pursuant to Paragraphs 6(f),(g) and (h) or 7 (e) and (f) hereof) authorized to receive it under Paragraphs 6 and 7 of this Protective Order, counsel for the Party seeking to disclose such Confidential Material shall provide a copy of this Protective Order to such persons, shall advise them that they are governed by its provisions and shall instruct them not to use the Confidential Material in any manner contrary to the terms of this Protective Order. Counsel seeking to disclose such Confidential Material shall cause each such person(s) to execute the "Consent to be Bound," the form of which is attached hereto as Exhibit "A."

11.    This Protective Order shall be without prejudice to the rights of the Parties to apply to the Court for additional, different or removal of protection if they deem it necessary to do so. The terms of this Protective Order shall not affect the right of any person to seek and secure greater protection for particularly sensitive information or to seek whatever further relief is available under the Federal Rules of Civil Procedure and Evidence, the Central District of California Local Rules or other federal or California law.

12.    At the conclusion of the Litigation (including appeal), all such Confidential Material shall be returned to the Party who produced it and no Party, expert, consultant or

any other person or entity to whom such Confidential Material was produced shall retain any copies or any such Confidential Material, except that counsel for each Party may maintain one copy of all documents containing Confidential Material for the purpose of maintaining complete and accurate files of the Litigation.

13. This Protective Order is without prejudice to the rights of any Party to object to the discovery, production and/or admissibility of any information, document or evidence on grounds other than confidentiality or to bring before the Court at any time the question of whether any particular information is or is not relevant to any issues in, or to the subject matter of, the Litigation, and such rights are hereby expressly reserved. The designation of such information as Confidential Material pursuant to this Protective Order shall not be construed as an admission of the relevance of such Confidential Material in the Litigation.

14. In the event any person or Party in the Litigation receives a court order, process or subpoena seeking the disclosure of Confidential Material, such person or Party shall promptly notify each of the Parties through their attorneys of record, shall furnish each of the Parties through their attorneys of record with a copy of the court order, process or subpoena, and shall not interfere with respect to any procedure sought to be pursued by any Party whose interests may be affected by such disclosure. The Party asserting that documents or information subject to the court order, process or subpoena constitute Confidential Material shall have the burden of defending against such court order, process or subpoena. The Party receiving the court order, process, or subpoena shall, once sufficient notice to all other Parties has been given and the Parties have had a reasonable opportunity to object (but in no case less than ten (10) days after notice), be entitled to comply with it except to the extent a Party has filed for or succeeded in obtaining an order modifying or quashing the court order, process, or subpoena.

15. Nothing contained herein shall prevent any Party from using or disclosing its own Confidential Material without having to comply with the terms of this Protective Order.

16.     The Court shall retain jurisdiction to make such amendments, modifications, deletions and additions to this Protective Order as the Court may from time to time deem necessary or appropriate.

17.     This Protective Order shall remain in full force and effect until another order, if any, modifies, supersedes or terminates it, and shall be enforceable as any other order of the Court.

IT IS SO ORDERED.

Dated: October 14, 2009

_____

Honorable Alicia G. Rosenberg